IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER C. GUERRERO, | ) | Civ. No. 08-00344 BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | EX PARTE MOTION FOR A |
| vs. | ) | TEMPORARY RESTRAINING |
| | ) | ORDER AGAINST DEFENDANT |
| STATE OF HAWAII | ) | TO CEASE AND DESIST |
| DEPARTMENT OF PUBLIC | ) | RETALIATING AGAINST |
| SAFETY, | ) | PLAINTIFF |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR A
TEMPORARY RESTRAINING ORDER AGAINST DEFENDANT TO
CEASE AND DESIST RETALIATING AGAINST PLAINTIFF

Before the Court is Plaintiff Peter C. Guerrero's Ex Parte Motion for a Temporary Restraining Order Against Defendant State of Hawaii Department of Public Safety to Cease and Desist Retaliating Against Plaintiff. The Court heard this Motion on March 4, 2011. Plaintiff contends that Defendant's placement of Plaintiff on leave with pay pending a psychiatric examination constitutes further retaliation against him. Plaintiff asks the Court to "allow [him] to continue performing his duties as a deputy sheriff while Defendant's fitness testing is taking place, and until a determination is made by Defendant as to Plaintiff's fitness."

After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is DENIED.

The standard for issuing a temporary restraining order "requires consideration of two factors: (1) the likelihood of the plaintiff's success on the merits; and (2) the relative balance of potential hardships to the plaintiff, defendant, and the public." Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc., 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002). "These two factors have been incorporated into a test under which the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Id. at 1154-55. "These formulations are not different tests, but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Id. at 1155. Importantly, "[u]nder any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

In the present case, Defendant placed Plaintiff on leave with pay pending a psychiatric examination. (Plaintiff's Ex. C.) This decision was based on

documents and sworn testimony provided by Plaintiff's treating nurse, Rose Clute. (Laulusa Decl'n ¶¶ 7-8.) At trial, Clute testified that Plaintiff suffered from mental illness while he was employed by Defendant. Having been "put on official notice of Plaintiff's mental health condition," Renee Laulusa, who is the personnel management specialist for Defendant, initiated a Mental Residual Functional Capacity Assessment for Plaintiff. (Id. ¶ 8.)

Notably, Plaintiff does not dispute Defendant's right to order his mental evaluation. Indeed, in light of Clute's testimony and because Plaintiff carries a firearm as part of his deputy sheriff duties, state law requires that Plaintiff undergo such evaluation. See Haw. Rev. Stat. § 134-7(c)(3) ("No person who . . . has been diagnosed as having a significant . . . mental disorder . . . shall own, possess, or control any firearm . . . unless the person has been medically documented to be no longer adversely affected by the . . . mental disease."); Defendant's Ex. B ("Deputies must meet current State law requirements applicable to the possession of firearms.").

In order to determine whether Defendant's decision to place Plaintiff on leave with pay constitutes unlawful retaliation, the Court would have to conduct a mini-trial to determine if Defendant's reason is pretextual. However, the Court need not inquire as to pretext because Plaintiff cannot prove irreparable injury. See

3

Oakland Tribune, Inc., 762 F.2d at 1378 (noting that, where a plaintiff fails to show a significant threat of irreparable injury, the Court "need not decide whether plaintiff will eventually prevail on its claims.").

The only injury Plaintiff is claiming is the potential loss of income from being unable to work special duties and overtime. (Motion at 6-8.) However, "monetary injury is not normally considered irreparable." Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980). The Ninth Circuit noted:

> The temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury. The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Id. (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)) (ellipses points and quotation marks omitted).

Here, Plaintiff's loss of income associated with leave with pay would be a compensable damage award if he files a grievance and ultimately prevails on the merits. He has an adequate remedy at law because he could dispute Defendant's decision and request back pay including loss of special duties,

overtime, and night differential pay.  If Plaintiff prevails, he could recover monetary damages for his injury.  However, instead of filing the proper grievance, Plaintiff sought a temporary restraining order, which is "to be used sparingly, and only in a clear and plain case."  Rizzo v. Goode, 423 U.S. 362, 378 (1976).  Because Plaintiff fails to show a significant threat of irreparable injury and because he has an adequate remedy at law, the Court declines to issue a temporary restraining order.  See Oakland Tribune, Inc., 762 F.2d at 1378.

Accordingly, Plaintiff is not entitled to a temporary restraining order, and the Court DENIES Plaintiff's Ex Parte Motion for a Temporary Restraining Order Against Defendant to Cease and Desist Retaliating Against Plaintiff.

DATED:  Honolulu, Hawaii, March 9, 2011.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge